WILLIAM H. BLACKWELL, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND JOSEPH A. BROPHY, SECRETARY OF STATE, RESPONDENTS.

Submitted May 5, 1942—Decided September 28, 1942.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Mario H. Volpe.*

For the respondents, *David T. Wilentz,* Attorney-General, and *Harry A. Walsh.*

The opinion of the court was delivered by

CASE, J. The writ of *certiorari* brings up (1) an order made by the Civil Service Commission on September 16th, 1941, denying the petition of William H. Blackwell, prosecutor herein, for a hearing to determine his status with respect to the position of election clerk in the office of the Secretary of State and (2) the alleged action of Joseph A. Brophy, Secretary of State, in removing prosecutor from that position.

On July 8th, 1931, Thomas A. Mathis, Secretary of State, notified the Civil Service Commission that he had appointed Mr. Blackwell as Assistant Secretary of State, whereupon the Civil Service Commission voted that the appointment of Mr. Blackwell as Assistant Secretary of State at a salary of $3,000 per annum, effective July 7th, 1931, be approved in the unclassified division. Charles O. Fuller, who, until July

1st, 1936, had been the election clerk in the office of the Secretary of State in the Classified Civil Service, retired on the last mentioned date, whereupon a vacancy existed in the position of election clerk. On March 9th, 1937, the Secretary of State wrote the Civil Service Commission as follows:

"Mr. Charles O. Fuller, who was the Election Clerk in this office retired on pension from active duty on July 1st, 1936. I would like to have the Commission's approval on combining the position of Election Clerk with that of Assistant Secretary of State. The position of the Assistant Secretary of State is now held by Mr. William H. Blackwell at a salary of $3,000 per year. If the positions of Election Clerk and Assistant Secretary of State are combined, I would like to increase the salary to $3,600 per year. I would also request your Commission to approve the appointment of Elmer R. Hammell as Assistant Election Clerk at a salary range of $1,800 to $2,100."

The Civil Service Commission thereupon, according to its minutes, resolved as follows:

"By reason of the retirement of Charles O. Fuller, Election Clerk, who received a salary of $4,500 per annum, the Secretary of State has advised that the positions of Election Clerk and Assistant Secretary of State will be combined, effective April 1st, 1937, and that William H. Blackwell, Assistant Secretary of State, now receiving $3,000 per annum, will perform the combined duties at $3,600 per annum, and that Elmer R. Hammell, Clerk Typist, receiving $1,440 per annum, will be promoted to the position of Election Clerk at $1,800 per annum. The Commission has been advised of the approval of this arrangement by the Commissioner of Finance. The position of Assistant Secretary of State is in the unclassified division, while the position of Election Clerk is in the competitive division of the classified service."

It is doubtful whether the notation that Elmer R. Hammell was appointed to the position of election clerk is accurate; the letter, *supra,* from the Secretary of State indicated that the promotion was to the position of assistant election clerk, and so did the reply written by the Commission to Mr. Mathis under date of April 8th, 1937.

It is deducible from the proofs that after April 6th, 1937, Blackwell acted as election clerk, that there was no other person in the office who performed those duties and that he continued to act as election clerk throughout the term of Secretary of State Mathis. It was stipulated that on July 21st, 1941, a date made significant by the passage of a statute mentioned later herein, prosecutor was performing the same duties in the office of the Secretary of State that he had performed prior to the expiration of the term of Mr. Mathis, that on that date no other person held any position with the same title or performed said duties in the office of the Secretary of State, and that until September 3d, 1941, Blackwell continued to perform the same duties as theretofore. Joseph A. Brophy succeeded to the office of Secretary of State on July 7th, 1941. Blackwell testified:

"On July 7th Mr. Brophy called me aside and said he wasn't ready at that time to appoint an Assistant Secretary, and asked me to continue on and perform the same duties I had been performing. He also said he was aware of the pending bill in the legislature respecting the position of election clerk and that he hoped the bill would pass so I could continue with the department."

On September 4th, 1941, Mr. Brophy certified to the Civil Service Commission as follows:

"This is to advise you that the services of Mr. William H. Blackwell, an employee of this office, terminated on July 31st, 1941."

On September 2d Blackwell filed his petition with the Civil Service Commission alleging that he was being unlawfully removed from the position of election clerk, and seeking a hearing.

Meanwhile, on July 21st, 1941, the legislature had passed a statute, chapter 286 of the Pamphlet Laws of that year, entitled "An act concerning the election clerk in the office of the Secretary of State," which provides as follows:

"1. The position of election clerk in the office of the Secretary of State shall be placed by the Civil Service Commission in the exempt class of the civil service law and the present

acting election clerk shall continue to hold the same subject to all of the provisions of the civil service law.

2. This act shall take effect immediately."

On September 16th, 1941, the Civil Service Commission adopted a resolution which touched briefly upon some of the main events, including the passage of the cited statute, and ended thus:

"It is the conclusion of the Civil Service Commission that the interpretation of this statute is not within its proper functions. Therefore, it is voted that the following order be and the same is hereby adopted:

"It is hereby ordered that the petition of William H. Blackwell for a hearing and determination of his status with respect to the office of Assistant Secretary of State or the position of Election Clerk in the office of Secretary of State, be denied."

The legislature clearly had in mind (1) that there was, in the office of the Secretary of State, an existing position designated as that of "election clerk," (2) that there was someone, on July 21st, 1941, carrying the designation of "acting election clerk," (3) that that office should be placed by the Civil Service Commission in the exempt class under the Civil Service Law and (4) that the then acting election clerk should continue on as election clerk subject to all the provisions of the Civil Service Law. We experience no difficulty in discerning this much of the purport of the statute. The doubt lies in whether or not there were facts to which the statute could be applied; in other words, whether there was, in the Secretary of State's office, at the time (1) the position of election clerk and (2) a person acting in that position. We think that the conceded facts in the case lead inevitably to the conclusion that Mr. Blackwell had for some years been performing, along with the duties recognized to be those of the Assistant Secretary of State, the duties which formerly had fallen to the election clerk. Did Blackwell have two jobs, one as Assistant Secretary of State and one as acting election clerk, or did he have a single job, namely, that of Assistant Secretary of State, to which had been allo-

cated, at an increased salary, the work formerly handled by the election clerk? Was the position of election clerk maintained, with an acting incumbent, or did it cease to exist? The primary confusion is, we think, attributable not so much to the statute as to a loosely defined *modus operandi*. If Blackwell actually held two positions, why did he draw a single salary presumably appropriated in a line item to the position of "Assistant Secretary of State?" If there was no position answering to the designation of "election clerk," what is the significance of the position designated "assistant election clerk?" What actually were the duties performed by the acting election clerk as distinguished from the duties performed by the assistant election clerk? We believe that the Civil Service Commission can and should clarify the situation by a hearing and a finding pursuant to the prosecutor's petition.

We consider that the Civil Service Commission erred in its conception of its duty. It is scarcely our function, under a writ of *certiorari*, to command an inferior tribunal to proceed with its duty. Probably this suggestion will be sufficient; but if a writ of *mandamus* becomes necessary, counsel may make application on notice. In view of that prospective development we think that a separate review by us of Secretary of State Brophy's acts would not now be timely.

The order of the Commission dated September 16th, 1941, will be reversed. No costs.